UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-62260-SINGHAL/VALLE

CHAD PAUL LYNN FATONE,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security
Administration,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

**THIS CAUSE** has come before the Court upon Magistrate Judge Alicia O. Valle's Report and Recommendation to District Judge regarding the Parties' Cross-Motions for Summary Judgment ("R&R") (DE [33]), filed on February 24, 2022. Plaintiff Chad Paul Lynn Fatone ("Plaintiff") filed Objections to the R&R ("Objections") (DE [34]) on March 3, 2022. Defendant Social Security Commissioner (the "Commissioner") filed a Response on March 17, 2022 ("Response") (DE [35]). The R&R is now ripe for this Court's consideration.

This action involves a challenge to the denial of disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (the "Act"). Plaintiff applied for benefits in January 2018 and alleged a disability onset date of August 31, 2016. *See* R&R, at 2. Plaintiff's claim was denied initially, upon reconsideration, and after a hearing in which the ALJ issued a decision denying Plaintiff's application and finding him not disabled within the meaning of the Act. *Id.* Subsequently, the Appeals Council

denied Plaintiff's request for review, rending the ALJ's decision a "final decision." *See* R&R, at 2; *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff seeks judicial review of the ALJ's decision in the present action. *See* (DE [1]); 42 U.S.C. § 405(g).

## I. LEGAL STANDARD

"When a district court refers a matter to a magistrate judge to conduct an evidentiary hearing and make findings of fact, the district court is required to make a 'de novo determination.' In making its determination, the district court is generally free to employ the magistrate judge's findings to the extent that it sees fit—the court may adopt the magistrate judge's findings in whole, in part, or not at all." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)); *see LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court may "adopt the credibility findings made by a magistrate judge without conducting a new hearing before making a final determination," but it may not "reject a magistrate judge's findings regarding the credibility of testifying witnesses without holding a new hearing." *Amlong*, 500 F.3d at 1245 (citing *United States v. Raddatz*, 447 U.S. 667, 680–81 (1980)).

Judicial review of an ALJ's decision is limited to (i) whether substantial evidence in the record as a whole supports the ALJ's finding and (ii) whether the ALJ applied the correct legal standards in making his determination. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011) (cleaned up). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek*, 139 S. Ct. at 1154 (cleaned up). Substantial evidence is "more than a mere scintilla" and simply means "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Id.* (cleaned up).  A court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (cleaned up).  And even if evidence preponderates against the ALJ decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Nevertheless, under this standard, courts do not act as automatons and "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

## II.  DISCUSSION

Plaintiff raises two arguments in his objections.  First, Plaintiff argues that the magistrate judge failed to consider that Plaintiff's history shows he cannot function on a long-term basis outside a structured living situation. *See* Objections, at 2–4.  Plaintiff asserts that his multiple "in-house" and "in-patient" stays requires the ALJ to consider his longitudinal ability to function. *Id.*  Plaintiff cites *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245 (11th Cir. 2019) and an unpublished case for the proposition that multiple "in-house" and "in-patient" stays require an ALJ to consider a claimant's longitudinal ability to function. *Id.*  According to Plaintiff, the magistrate judge and ALJ ignored the cyclical nature of Plaintiff's bipolar disorder. *Id.*  Plaintiff further argues that the state agency psychological consultant's opinion, that Plaintiff could carry out simple tasks, cooperate with coworkers, and adjust to mental demands of new tasks, does not support the proposition that there would be no difficulty with attendance. *Id.*

Although his objections are well-written, Plaintiff largely rehashes the same argument he raised before the magistrate judge—that he is unable to work "without excessive absences" due to his extended stays at treatment facilities. This Court cannot "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178. Rather, the Court's inquiry is limited to determining (i) whether substantial evidence supports the ALJ's decision and (ii) whether the ALJ applied the proper legal standard. The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform simple, routine, repetitive tasks with occasional social interaction—a determination that factored in Plaintiff's bipolar disorder as a severe impairment. *See* R&R, at 9, 17. This determination was made based upon the ALJ's consideration of Plaintiff's sporadic treatment records, non-compliance with treatment regimen, improvement with medication, overall longitudinal history, opinions of State Agency medical consultants, and Plaintiff's daily activities. *Id.*

Plaintiff's argument, in essence, attacks the ALJ's decision for not finding that Plaintiff cannot work "without excessive absences" due to his extended in-patient stays at treatment facilities. The Court is not persuaded. First, the ALJ had substantial evidence to disagree. The ALJ noted the absence of any medical treatment for any impairment for several years prior to the alleged onset date and no evidence of medical treatment in the year prior to that date. *See* R&R, at 10. Moreover, the ALJ noted that, though there were numerous records in Plaintiff's file, the relevant timeframe of Plaintiff's DIB claim was very narrow. *Id.* The ALJ found the treatment records showed a very short treating history with sporadic visits and noncompliance issues, such as not attending follow-up visits. *Id.* Second, Plaintiff's cite to the *Schink* case is not persuasive because

that case involved a claimant whose bipolar disorder was not classified as a severe impairment—the opposite of here.  Accordingly, the Court agrees with the magistrate judge that the ALJ's refusal to find Plaintiff could not function on a long-term basis outside of structured living was supported by substantial evidence.

Plaintiff next disputes the ALJ's finding regarding Plaintiff's non-compliance with treatment. *See* Objections, at 4–5.  Plaintiff asserts that the ALJ failed to consider valid reasons for non-compliance with treatment. *Id.*  Plaintiff cites Social Security Ruling 16-3p to support the argument that, before reaching any conclusion based on a claimant's non-compliance with treatment, the adjudicator must consider facts such as the adverse side effects of medications and the effect of a structured living arrangement on the need for treatment. *Id.*  First, this argument is rejected outright because the preceding language to the list of valid reasons for non-compliance with treatment in Social Security Ruling 16-3p states that "[w]hen [the ALJ] consider[s] the individual's treatment history, [the ALJ] *may* consider (but [is] not limited to) one or more of the following." Social Security Ruling 16-3p (emphasis added).  Thus, the ALJ was never required to expressly consider the two factors identified by Plaintiff.  But more critically, the ALJ's ultimate decision was based on a multitude of other considerations in addition to Plaintiff's non-compliance with treatment.  The ALJ considered Plaintiff's sporadic treatment records and relatively short and recent treatment period, his improvement with medication, his overall longitudinal history, the opinions of State Agency medical consultants, and Plaintiff's activities of daily living. *See* R&R 9–13.  Thus, even assuming there were valid reasons for non-compliance with treatment, the ALJ's decision was nevertheless supported by several other grounds and thereby supported by substantial evidence.

Finally, Plaintiff asserts that the ALJ's reference to Plaintiff's criminal history and secondary motives indicates the ALJ relied on that to penalize him improperly. Credibility determinations are the province of an ALJ and a clearly articulated credibility finding with substantial supporting record evidence will not be disturbed. *Oore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). And in reviewing an ALJ's credibility determination, the question is not "whether [the] ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011). The magistrate judge concluded that the ALJ's decision provided abundant support for its credibility determination. *See* R&R 20–22. The ALJ found Plaintiff's statements were not consistent with medical evidence and other parts of the record because of the absence of any treatment for several years prior to the alleged onset date and no evidence of treatment in the year prior; the short-term and sporadic visits for treatment during the disability period where Plaintiff did not comply with treatment protocols or appear for follow-up appointments; opinions of state agency consultants regarding Plaintiff's moderate mental limitations; and Plaintiff's activities of daily living. *Id.* And as the magistrate judge noted, Plaintiff's argument that the ALJ improperly referenced Plaintiff's criminal history and secondary motives need not be addressed since they were not the primary basis for the ALJ's decision. *Id.* While Plaintiff cites no authority for his argument, courts have found that a claimant's "extensive criminal record" can "properly be taken into consideration by [an] ALJ in evaluating the credibility of subjective complaints." *See, e.g.*, *Douglas v. Comm'r of Soc. Sec.*, 486 F. App'x 72, 75 (11th Cir. 2012). Thus, the Court finds substantial evidence supports the ALJ's credibility determination. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Magistrate Judge Valle's Report and Recommendation to District Judge (DE [33]) is **AFFIRMED** and **ADOPTED**. Plaintiff's Motion for Summary Judgment (DE [28]) is **DENIED** with prejudice. The Commissioner's Motion for Summary Judgment (DE [29]) is **GRANTED**, and the Administrative Law Judge's Decision is **AFFIRMED**. It is **FURTHER ORDERED** that Plaintiff's Objections to the Report and Recommendation (DE [34]) are **OVERRULED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of March 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF